UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CURTIS L. PRUITT,

    Petitioner,

v().                                           Case No. 5:05-cv-403-Oc-10GRJ

WARDEN, FCC COLEMAN,

    Respondent.
_____

## ORDER DENYING PETITION

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and is proceeding pursuant to an amended Petition (Doc. 4). The Petition stems from a prison disciplinary proceeding against Petitioner that resulted in the loss of good conduct time (GCT) and other privileges. The Respondent filed a Response to the Petition (Doc.6), together with the administrative record of Petitioner's disciplinary case. Based on the Petition, the Respondent's response, and Petitioner's reply, the Court concludes that the Petition must be denied.

## Background

The facts underlying the Petition may be summarized as follows. On January 6, 2005, Petitioner was charged in incident report number 1299112 with violations of inmate disciplinary code 203, threatening another with bodily harm, and code 307, refusing to obey an order of a prison staff member. Resp. Exh. 5, 6. Unit Manager

F. Santos made the following allegation in the report: "While I was inside the counselor's office in L Unit I saw [Petitioner] standing in front of the door staring at me. I told the inmate to move away from the door to which he replied 'I need to talk to you.' I said 'See at open house [sic].' The inmate went away to return a few minutes later and began staring at me again. I told him again to leave, to which he replied 'No.' I ordered him to move and he said 'You don't know who you are [expletive] with,' while he was making this statement he lifted a book he had in his hands and shoved it toward my face. I again told him to go and he replied 'I will get you.'" Exh. 6. Petitioner was placed in administrative segregation pending an investigation. Id.

Lieutenant A. Rich interviewed Petitioner that same evening in connection with the incident report. Petitioner was advised of his right to remain silent and was given a copy of the report. According to Lieutenant's Rich's investigation report, Petitioner declined to make a statement and refused to deny the charges. The report was forwarded to the Unit Discipline Committee (UDC) for further review. Id.

Although BOP policy calls for a UDC hearing to take place within three days of an alleged incident, Petitioner's hearing was deferred due to a lockdown at the prison. Id. On January 26, 2005, Petitioner stated to the UDC that he was not guilty of the alleged offenses and provided a written statement. In the written statement, Petitioner stated that that on the date of the incident he approached Counselor Jones' office to speak with Santos. Upon seeing Petitioner, Santos "frantically"

2

waived his hands and told Petitioner to see him at open house. Petitioner left, but returned 10 minutes later to speak to Jones. Petitioner stated that Santos rushed out of the office and said "If I didn't sell drugs for him he would write me a shot and make sure I was locked up." Petitioner stated that he walked away, and subsequently Lieutenant Kleckner and two other officers questioned him in Santos presence. Petitioner denied that he made any threat to Santos. Id.

The UDC referred the matter for a hearing before a Disciplinary Hearing Officer (DHO). Id. Petitioner requested a staff representative, and also requested two witnesses: Inmate Gandy and Inmate Alvin Smith. Id. According to the DHO report, the evidence adduced at the hearing included Petitioner's written statement, the incident report and investigation, and the hearing statements of Petitioner's witnesses. Inmate Gandy and Inmate Smith were both asked if they saw Petitioner shove a book at Santos, and they replied "No". Petitioner's witnesses also stated that they did not hear Petitioner threaten Santos in any way. Id.

The DHO found Petitioner guilty of the charged offenses. As support for the finding, the DHO pointed to the written incident report prepared by Santos as well as Petitioner's written statement. The DHO stated that:

> The DHO gave the greater weight to the staff member's eyewitness account of the incident and his written statement that you did refuse his order to leave the area and then threatened him when he insisted that you leave the area. The staff member is obligated to tell the truth and has nothing to gain by not being truthful. The DHO finds the staff member's statement and observations are more

>credible and believable than yours, as the staff member's observations were made strictly in the performance of his duties and has no reason to make false accusations. The DHO finds no evidence, nor did you provide evidence, to indicate the staff member conspired to falsely accuse you of this misconduct. Lastly, the DHO determined that you had much to lose by accepting responsibility or being truthful in this matter, whereas the reporting officer is under a legal obligation to report truthful and accurate facts. You on the other hand if found to have committed a prohibited act could receive disciplinary action.

Exh. 6. Petitioner was sanctioned with the loss of 20 days of GCT and 45 days of disciplinary confinement. Id.

After unsuccessfully pursuing administrative remedies, Petitioner filed the instant habeas corpus Petition. Petitioner contends that his due process rights were violated because the incident report was fabricated. Doc. 4. He also contends that Santos' written report was insufficient to find him guilty of the charged offenses. Id. For relief, Petitioner seeks expungement of the disciplinary report as well as past reports accusing Petitioner of "threatening" staff, restoration of his GCT, and "the Court's assistance" in obtaining a transfer to a different prison.[1]

Respondent concedes that Petitioner exhausted his administrative remedies as to his conviction of the charged offenses, but that to the extent that Petitioner challenges his confinement in disciplinary segregation pending his hearing, such claim was not administratively exhausted, nor did Petitioner exhaust any claim regarding transfer. Doc. 6. Petitioner states in his Reply that he is not challenging

---

[1]The docket reflects that Petitioner presently is incarcerated at USP Terre Haute.

4

his pre-hearing disciplinary confinement, and concedes that he has no right under federal law to confinement in a particular facility. Doc. 7 at 7. Accordingly, the Court will proceed to the merits of Petitioner's claims.

## Standard of Review

Prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings.[2] However, inmates are entitled to some due process protections.[3] Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder.[4] In determining whether there is "some evidence" in the record to support the disciplinary decision, the federal courts do not engage in a de novo review of the evidence.[5]

## Discussion

Petitioner's claim that his due process rights were violated because the incident report was "fabricated" lacks merit. Petitioner points to no facts in the record to support his claim. His unsupported, self-serving, assertion is plainly insufficient

---

[2] Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution").

[3] Id.

[4] Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 447 (1985).

[5] Id. at 455.

to support a claim for habeas corpus relief.

Further, it is clear that Petitioner's disciplinary conviction was supported by at least some evidence. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Hill, 472 U.S. at 457. Thus, the eyewitnesses incident report prepared by Santos provides sufficient evidence to support the Petitioner's conviction for refusing to obey an order and threatening harm to Santos, notwithstanding the conflicts with the evidence proffered by Petitioner. See id. at 456 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process clause); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence.").

## Conclusion

For the foregoing reasons, the Petition is **DENIED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close

the file.

**DONE AND ORDERED** at Ocala, Florida, this 25th day of March 2009.

![signature]

UNITED STATES DISTRICT JUDGE

c: Curtis L. Pruitt
   Counsel of Record